UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM LAWRENCE HOULE,

            Plaintiff,

        -v-                                                        9:25-CV-54 (AJB/TWD)

GJ KALIES, JANE DOE #1, and
JOHN DOE #1,

            Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

WILLIAM LAWRENCE HOULE
Plaintiff, Pro Se
P.O. Box 109
Gorham, NY 14461

HON. LETITIA JAMES                           CHI-HSIN E. ENGELHART, ESQ.
New York State Attorney General          Assistant Attorney General
Attorneys for Defendant GJ Kalies
State Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

      On January 10, 2025, *pro se* plaintiff William Lawrence Houle ("plaintiff"), an individual who was until recently held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendant GJ Kalies and a Jane and John Doe (the "Does") violated his constitutional rights while he was being held at Mohawk Correctional Facility.  Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. Nos. 2, 3.

On February 5, 2025, this Court granted plaintiff's IFP Application and, after conducting an initial review of the pleading, determined that plaintiff's § 1983 Eighth Amendment excessive force and failure-to-intervene claims required a response from defendants, and ordered service on named defendant Kalies (but not the Does, who were unidentified). Dkt. No. 7.

Thereafter, defendant Kalies appeared through counsel, Dkt. No. 28, and, in lieu of an answer, moved for summary judgment under Rule 56 or, in the alternative, for dismissal under Rule 12(b)(6), because plaintiff allegedly failed to exhaust his administrative remedies before commencing this action. Dkt. No. 29. That motion was fully briefed. Dkt. Nos. 33, 35, 37, 39.

On December 1, 2025, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that defendant's motion be denied. Dkt. No. 41. First, after a review of the factual allegations, Judge Dancks determined that plaintiff had plausibly alleged claims for excessive force against defendant. *Id*. Second, as to the question of administrative exhaustion, Judge Dancks conducted an independent review of the record and determined that, viewed in the light most favorable to plaintiff, there was a question of fact regarding whether plaintiff might have been prevented from taking advantage of the prison grievance process through "misrepresentation." *Id*. Accordingly, the R&R advised that defendant's motion for summary judgment should be denied without prejudice to renew after discovery. *Id*.[1]

Defendant has lodged objections. Dkt. No. 42. There, defendant argues that the R&R should be rejected because: (1) plaintiff's subjective knowledge of the DOCCS grievance system is irrelevant; (2) the grievance entitled "FPT-1832-23," which plaintiff admittedly filed, did not mention any of the alleged misconduct in this action; and/or (3) plaintiff has had "extensive opportunities to be heard and because a full discovery on the merits would be futile." *See id*.

---

[1] Judge Dancks rejected as premature the possibility of an exhaustion hearing at this time.

Upon *de novo* review, Judge Dancks's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Although exhaustion is "mandatory," it is excused where administrative remedies are deemed "unavailable." *Ross v. Blake*, 578 U.S. 632, 639 (2016). As relevant here, exhaustion is "unavailable" when "prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation." *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (quoting *Ross*, 578 U.S. at 643–44).

As Judge Dancks noted, plaintiff indicated in his filings that he was not "fully aware" of the grievance process, he "was immediately shipped to an isolation chamber," and was "simply told" by a prison hearing officer "to appeal to the Commissioner." Judge Dancks concluded that these assertions, when viewed in the light most favorable to plaintiff and if construed liberally in light of plaintiff's status as a *pro se* litigant, tended to indicate there was a question of fact about whether the prison administrative remedies were "available" under these circumstances.

In his objections, defendant parses plaintiff's statements more thinly to try to achieve a result that would be favorable to him. For instance, defendant points out that "availability" is an objective test, argues that defendant's subjective knowledge (or his lack thereof) of the grievance process writ large is irrelevant, faults the R&R for being too lenient to plaintiff, and emphasizes that plaintiff himself has claimed that the grievance marked "FPT-1832-23" (which was filed at Five Points, not Mohawk) was his attempt to exhaust the claims in this action.

Those conclusions might be conclusively borne out by discovery. But in light of his *pro se* status, the Court agrees with Judge Dancks that, at this early stage, it cannot be said that there is no dispute of fact over whether "machination, misrepresentation, or intimidation" by a prison administrator thwarted plaintiff's attempt to properly grieve the incident. Although a subjective lack of knowledge does not excuse exhaustion, defendant's arguments still require the reader to

draw one or more assumptions in favor of the defendant, *e.g.*, that plaintiff's lack of knowledge *caused him* to fail to properly pursue a grievance, or that, despite his *pro se* status, plaintiff's meager (and perhaps contradictory) pre-answer submissions are a sufficient basis on which to resolve this issue as a matter of law.

The Court disagrees. At this early stage of the case, the Court is obligated to draw those kind of inferences in favor of the non-movant. One favorable inference that could be drawn from this limited set of facts—but certainly not the only one—is that plaintiff was assaulted and immediately moved to Five Points and/or immediately placed in an "isolation chamber," and that these facts, combined with his admittedly limited knowledge of the grievance process, made him (or would make a similarly situated person of ordinary firmness) susceptible to "machination, misrepresentation, or intimidation" by officials that interfered with his pursuit of relief. In short, the Court cannot say on this record that this is the rare case in which pre-answer summary judgment should be granted against an unrepresented litigant who was incarcerated at the relevant time.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 41) is ACCEPTED; and

2. Defendant's motion for summary judgment or to dismiss (Dkt. No. 29) is DENIED.

The Clerk of the Court is directed to terminate the pending motions and set an answer deadline.

**IT IS SO ORDERED.**

Dated: January 14, 2026
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge